Filed 6/5/24  P. v. Ward CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B329367 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. PA072834) |
| v. | |
| ERIC WARD, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, David Walgren, Judge.  Affirmed.

Christopher Love, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

**INTRODUCTION**

Eric Ward appeals from an order denying his petition for resentencing under Penal Code, section 1172.6.[1]  His appellate counsel filed a brief under *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), and Ward filed a supplemental brief.  We review the contentions Ward raises in his supplemental brief and affirm the order.

**FACTUAL AND PROCEDURAL BACKGROUND**

**A.      Conviction and sentence**

In 2013 a jury convicted Ward of one count of attempted willful, deliberate, and premeditated murder (§§ 187, 664) and one count of assault with a deadly weapon (§ 245, subd. (a)(1)).  The jury also found true for both counts allegations that Ward personally used a deadly weapon (§ 12022, subd. (b)(1)) and personally inflicted great bodily injury (§ 12022.7, subd. (a)).  The trial court found the prison priors alleged against Ward to be true (§ 667.5, subd. (b)), and sentenced him to life plus six years on the attempted murder count, related allegations, and prison priors.[2]  The court sentenced Ward to a midterm sentence of three years on the assault count, plus an additional four years for the enhancements.  The latter sentence was stayed pursuant to section 654.  In his direct appeal, Ward asserted that the court committed prejudicial error by declining to instruct the jury on self-defense.  A different panel of this division rejected this

---

[1]      All further undesignated statutory references are to the Penal Code.

[2]      In 2022, the sentences on the prison priors were stricken pursuant to section 1172.75, changing the sentence to life plus four years.

argument and affirmed the judgment. (*People v. Ward* (Feb. 18, 2015, B251294) [nonpub. opn.].) Petition for resentencing

On March 14, 2022, Ward filed a petition for resentencing under former section 1170.95, now section 1172.6.[3] The trial court appointed counsel for Ward. The People opposed the petition on the grounds that Ward was ineligible for resentencing as a matter of law because the jury found that Ward was the actual perpetrator, and the jury was not instructed on the natural and probable consequences doctrine or aiding and abetting. Ward filed a reply. The trial court denied Ward's petition on the grounds that there was no imputed liability theory presented to the jury and Ward was the actual perpetrator. Ward timely appealed.

## DISCUSSION

Ward's appellate attorney filed a brief raising no issues and requesting that this court proceed pursuant to *Delgadillo, supra,* 14 Cal.5th 216. Ward was advised of his right to file a supplemental brief (see *Delgadillo, supra,* 14 Cal.5th at pp. 231-232), and he did so. We evaluate the arguments set forth in that supplemental brief. (See *id*. at p. 232 ["If the defendant subsequently files a supplemental brief or letter, the Court of Appeal is required to evaluate the specific arguments presented in that brief and to issue a written opinion"].)

Ward argues that the victim attacked him first, and therefore he had no time for premeditation. He also asserts that malice or intent to kill cannot be imputed to him because he was only reacting to the assault. These arguments constitute

---

[3] Effective June 30, 2022, former section 1170.95 was renumbered to section 1172.6, with no change in text. (Stats. 2022, ch. 58, § 10.)

3

challenges to Ward's convictions, which are beyond the scope of what may be addressed on appeal following denial of a petition for resentencing. "The mere filing of a section [1172.6] petition does not afford the petitioner a new opportunity to raise claims of trial error or attack the sufficiency of the evidence supporting the jury's findings." (*People v. Farfan* (2021) 71 Cal.App.5th 942, 947.) In addition, these arguments were rejected in Ward's original appeal, in which this court held there was no basis for a self-defense instruction because there was "no substantial evidence from which the jury could have concluded that defendant's repeated stabbing of Orosco was a reasonable or necessary response under the circumstances of the fistfight." (*People v. Ward, supra.*)

Ward asserts that "the natural and probable consequences doctrine is no longer a viable theory of accomplice liability for attempted murder." However, Ward was not charged with or convicted on any theory involving accomplice liability. The jury found that he personally inflicted great bodily injury on the victim.

Ward asks us to consider *People v. Dennis* (2020) 47 Cal.App.5th 838 250 and *People v. Love* (2020) 55 Cal.App.5th 273. Both cases have both been depublished and are no longer controlling authority.

Ward further asks that we reduce his attempted murder conviction to attempted murder without a finding that the crime was willful, deliberate, and premeditated. He asks that he be allowed to accept a plea deal without such findings, because the sentence for that conviction would be shorter than the sentence he received. He asserts that before his trial, he was offered a plea deal for a five-year sentence, but he did not accept the offer;

4

Ward now asserts his attorney rendered ineffective assistance of counsel by failing to fully inform him about the details of that plea deal.

As stated above, an appeal from a post-judgment petition for resentencing under section 1172.6 does not permit a petitioner to raise unrelated claims of error allegedly committed in the trial court, including claims about a plea deal or trial counsel's performance. Instead, we may only consider the trial court's denial of the section 1172.6 petition. Ward has not demonstrated that the trial court erred in denying his petition. (See, e.g., (*People v. Gonzalez* (2021) 12 Cal.5th 367, 410 [it is the appellant's burden to affirmatively demonstrate error].)

In addition to rejecting the arguments Ward raised in his supplemental brief, we have exercised our discretion to independently review the record, and we conclude no arguable issues exist. (See *Delgadillo, supra,* 14 Cal.5th at p. 232.)

## DISPOSITION

The order denying relief is affirmed.

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

COLLINS, J.

We concur:

CURREY, P. J.                                        MORI, J.

5